JAMES R. BURRUS, Probate Judge, &c., use, &c. v. PETER FISHER, Administrator, &c.

It is too late, after the evidence has been closed in a case, to move the court to strike out the name of one of the usees in the action, and insert the name of the assignee in bankruptcy.

The courts should be liberal in permitting amendments for the purpose of reaching the merits of a controversy, but the parties desiring such amendments, must exercise due diligence in bringing and preparing their suits for trial.

ON appeal from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

This case was decided upon a point of practice, and the opinion of the court gives a statement of the point upon which the decision was made.

W. E. Pugh, for appellant.

Graves & White *v.* Hull et al.

*W. R. Miles,* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

After the evidence had been closed before the jury, the counsel for the plaintiff moved the court for leave to strike out the name of Hamilton Wright, one of the usees, and insert in his stead the name of Richard Nugent, the assignee in bankruptcy of Hamilton Wright. The court refused to permit the amendment to be made, and we think correctly, at this stage of the proceedings. The usees should have informed their counsel before the suit was commenced, of the names of all parties interested in the subject-matter of the litigation.

The court should always be liberal in permitting amendments for the purpose of reaching the merits of the controversy. But while this is clearly the duty of the court, the parties desiring the amendment are not excused from exercising proper diligence in bringing and preparing their suit for trial. .

The point upon which the case turns is decided in the case of *Sims* v. *Ross, Strong & Co.,* 8 S. &. M. 557.

The other point in the record, under the view we take of the case, is unnecessary to be decided.

Judgment affirmed.